UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOSHUA CLEMONS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-4103 |
| ) | |
| GREGG SNYDER *et al.*, ) | |
|     Defendants. ) | |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Plaintiff Joshua Clemons is civilly committed at the Illinois Department of Human Services Treatment and Detention Facility ("TDF") under the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq*. Plaintiff has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983 that is before the Court for screening. Plaintiff has also filed a Petition to Proceed *in forma pauperis* ("IFP") (Doc. 3), a Motion for Counsel (Doc. 5), a Motion to Waive Filing Fee (Doc. 4), and a Motion to Reconsider (Doc. 7).

I.   **Background**

In January 2025, Plaintiff and three other TDF residents, Chad Wahl, Gregory Morris, and Charles Parker, collectively filed a Complaint in case No. 24-4014, which was severed based on a finding that joinder of the Plaintiffs' claims was inappropriate. (*Id*. at Dkt. 22 at 2.)

## II. Complaint

### A. Screening Standard

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding IFP "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).

In reviewing the pleading, the district court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Facts Alleged

Plaintiff's pleading identifies Sarah D. Culbertson Memorial Hospital and its Chief Executive Officer, Gregg Snyder, as Defendants.

Plaintiff has resided at TDF since 2001. Medical providers at Sarah D. Culbertson Memorial Hospital ("Hospital") treated Plaintiff for various medical issues. During these visits, Plaintiff was required to provide his identifying information and medical history. (Pl. Compl., Doc. 1 at 2.) On November 21, 2023, Plaintiff received a notification from

Defendant Snyder that a data breach of the Hospital's computer system potentially exposed his identifying information to third parties.

Plaintiff wrote letters to Defendant Snyder and the law firm representing the Hospital, informing them that his detention at TDF foreclosed access to the internet, control of his medical records, and access to the one-year Equifax identity monitoring service subscription. Although Plaintiff acknowledges receiving a letter from an attorney representing the Hospital, he claims the "general" response was inadequate to address the data breach. The plaintiff asserts that Defendants violated his constitutional rights to privacy, due process, and regulations under federal and state law.

**C. Analysis**

The Seventh Circuit has recognized a Fourteenth Amendment right "to the privacy of medical, sexual, financial, and perhaps other categories of highly personal information." *Doe v. Gray*, 75 F.4th 710, 717 (7th Cir. 2023). Assuming Plaintiff's confidential information was disclosed in the data breach, Plaintiff's allegations do not permit a plausible inference that Defendant Snyder was personally involved in disclosing Plaintiff's information or that the data breach resulted from a hospital policy Defendant Snyder knew would violate Plaintiff's constitutional rights. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."); *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978).

Plaintiff's allegations that Defendant Snyder and other hospital officials were negligent are insufficient to state a constitutional claim. "[N]egligence, even gross negligence, does not violate the Constitution." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) ("[T]he Eighth Amendment is violated by acts or omissions that exhibit deliberate indifference; mere negligence is insufficient. . . . Similarly, negligent conduct by a state official does not implicate the Due Process Clause."); *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) ("Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk.").

Furthermore, the fact that Plaintiff was civilly detained at the time he received services from a private hospital does not, on its own, automatically permit an inference that hospital officials were state actors for purposes of 42 U.S.C. § 1983. *See DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022) (determination of whether an individual was acting under the color of state law depends on whether the individual exercised authority he "possessed by virtue of state law" and made possible only because of such authority).

Plaintiff does not cite a federal statute or rule that provides a private cause of action for the unauthorized disclosure of medical information, and courts deciding the issue have held that the Health Insurance Portability and Accountability Act does not provide one. *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011).

Consequently, Plaintiff's Complaint is dismissed for failure to state a claim. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may

file a motion for leave to file an amended complaint. If Plaintiff decides to file an amended complaint, his amended pleading must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended pleading must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended pleading is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id*.

### III.    Counsel

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in

certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Recruitment of Counsel (Doc. 2) is denied because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

### IV.   Waive Filing Fee

Plaintiff initially requests the Court waive the filing fees imposed against all former plaintiffs and accept $100.00 to cover the filing fee for each plaintiff. Each Plaintiff is required to pay their own filing fee, and the other plaintiffs have been severed from this case. Thus, Plaintiff's request is denied.

To the extent that Plaintiff asks the Court to waive the $156.32 filing fee imposed, Plaintiff's trust fund ledgers disclose that in the four months preceding his filing, he received approximately $1,874 and withdrew about $1,396. Plaintiff's trust fund ledgers showed he had a balance of $479 nine days before filing his Complaint in case No. 24-4014. In his Petition to Proceed IFP (Doc. 3), Plaintiff marked "Yes" to receiving gifts or inheritances but did not comply with the Court's further instructions to disclose the source and amount received. Based on Plaintiff's previous litigation in this district, the Court can reasonably assume that he was aware of the Court's filing fee procedure for

TDF residents. *See Clemons v. Kulhan et al.*, No. 17-cv-04113, Text Order entered May 4, 2017 (C.D. Ill.). Plaintiff's spending activity could be construed as an effort to spend down his account before filing this lawsuit to avoid filing fees. While the record does not support a finding that Plaintiff's spending activity was so calculated, the Court may consider it in ruling on his motion to waive fees. *Lumbert v. Ill. Dep't of Corrs.*, 827 F.2d 257, 259 (7th Cir. 1987) (a litigant who "thinks that a more worthwhile use of his funds would be to buy [commissary items]…than to file a civil rights suit has…demonstrated an implied evaluation of the suit that the district court is entitled to honor.").

The record shows that when Plaintiff filed his Complaint, he had sufficient funds to satisfy the filing fee imposed by the Court. Thus, Plaintiff's motion to waive fees is denied. Plaintiff shall pay the reduced filing fee of $156.32 within 30 days of this Order. Failure to do so will result in the dismissal of this case without prejudice.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Counsel (Doc. 3) and Waive Filing Fee (Doc. 4) are DENIED.**

2) **Plaintiff SHALL pay the reduced filing fee of $156.32 within 30 days of this Order. Failure to do so will result in the dismissal of this case without prejudice.**

3) **Plaintiff's Complaint (Doc. 1) is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim.**

4) **Plaintiff is GRANTED leave to file an amended complaint within thirty days of the entry of the Court's Merit Review Order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED June 2, 2025.

                                                                                                   s/ *Colleen R. Lawless*
                                         _____
                                                          COLLEEN R. LAWLESS
                                     UNITED STATES DISTRICT JUDGE