UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JOSHUA CLEMONS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-4103 |
| | ) | |
| GREGG SNYDER *et al.*, | ) | |
|     Defendants. | ) | |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Plaintiff Joshua Clemons is civilly committed at the Illinois Department of Human Services Treatment and Detention Facility ("TDF") under the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq*. Plaintiff has filed a Motion for Leave to File an Amended Complaint (Doc. 13) that is before the Court for screening. Plaintiff has also filed a Motion to Reconsider Order Severing Cases (Doc. 7), a Motion to Request Counsel (Doc. 11), and a Motion for Extension of Time (Doc. 12).

I.     **Background**

In January 2025, Plaintiff and three other TDF residents, Chad Wahl, Gregory Morris, and Charles Parker, collectively filed a Complaint (Doc. 1) that the Court severed based on a finding that joinder of the Plaintiffs' claims was inappropriate. (Doc. 5.) After screening Plaintiff's pleading as mandated under 28 U.S.C. § 1915A, the Court dismissed Plaintiff's Complaint (Doc. 8) but granted him additional time to file an amended pleading. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("[T]he court

should grant leave to amend after dismissal of the first complaint 'unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted.'" (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004).

## II.    Motion to Reconsider

The Court's May 21, 2025, Order determined that joinder of Plaintiffs' claims was not appropriate under the federal rules and severed Plaintiffs' respective cases. (Doc. 5.) Specifically, the Court found that the claims required an individual assessment of each Plaintiff's damages and that the risks of confusion, logistical concerns, and privacy outweighed any benefit that proceeding jointly would provide. (*Id*. at 2.)

Plaintiff's filing asks the Court to reconsider this ruling, arguing that the four original Plaintiffs "synchronously labored upon this complaint," that the defendants "have, at all times, been served in accordance with Federal Rule of Civil Procedure 5(3)(b)(1)," and that proceeding independently "would further burden each plaintiff, requiring more money to cover costs associated with tailoring their arguments independently to serve the same defendants." (Doc. 7 at 2-3:5.) Plaintiff asserts that the Court misapplied Federal Rule of Civil Procedure ("Rule") 19.

"[D]istrict judges may reconsider interlocutory orders at any time before final judgment." *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly

discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

Plaintiff has not shown how the Court can grant the relief he seeks without joinder of the other individuals, or how proceeding individually will affect the others' abilities to protect their own interests. Absent these showings, Rule 19 does not require joinder. Plaintiff also has not demonstrated how the Court erred in concluding that the concerns identified in its Order outweighed the benefits of proceeding as separate cases. Therefore, Plaintiff's Motion to Reconsider (Doc. 7) is denied.

### III.    Amended Complaint

#### A. Screening Standard

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding IFP "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).

Upon reviewing the pleading, the district court accepts the factual allegations as accurate, construing them liberally in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts

must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Motions for Leave and Extension of Time

Plaintiff's Motion for Leave to Amend Complaint (Doc. 13) is granted. Because Plaintiff contemporaneously filed his Motion for Leave to Amend with his extension request, his Motion for Extension of Time (Doc. 12) is moot.

### C. Facts Alleged

Plaintiff alleges that on November 21, 2023, officials from Sarah D. Culbertson Memorial Hospital notified him of a data breach that occurred in March 2023 that may have exposed his personal identifying information and provided him with a one-year subscription to Equifax. Plaintiff alleges that his confinement restricts his access to the internet, prevents him from taking advantage of the Equifax subscription, and, therefore, makes him more vulnerable to cyber theft than patients who are not confined. Plaintiff alleges that his inability to access the internet prevents him from investigating how cyber thieves have used his personal information. Plaintiff asserts that Hospital officials failed to notify TDF officials of the data breach so that they could "advise the []TDF population and/or initiate a pro-social role to contain and eliminate it." (Pl. Amend. Compl., Doc 13 at 7.) Plaintiff named the hospital as the sole defendant. He alleges claims of negligence, breach of implied contract, and violation of the Illinois Consumer Fraud Act.

Federal district courts have original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States," and in civil actions where

diversity of citizenship exists and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331-32. If original jurisdiction exists, the district court may take supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367. The Court must dismiss an action if it finds at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Plaintiff's amended complaint does not assert a violation of federal law over which the Court has original jurisdiction, nor does diversity of citizenship exist between the parties. The Court finds that it lacks subject-matter jurisdiction over Plaintiff's claims. Because no federal claims exist, supplemental jurisdiction of Plaintiff's state law claims is not appropriate under § 1367.

Therefore, this case is dismissed without prejudice. C*itadel Sec., LLC v. Chicago Bd. Options Exchange, Inc.*, 808 F.3d 694, 701 (7th Cir. 2015) ("A dismissal for lack of subject matter jurisdiction is not a decision on the merits, and thus cannot be a dismissal with prejudice.").

Although the Court has the discretion to permit Plaintiff to file an amended complaint, it is unnecessary when, as here, the Court finds that any amendment to the claim raised in Plaintiff's pleading would be futile. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

Plaintiff's Motion for Counsel (Doc. 11) is moot with the entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion to Reconsider (Doc. 7) is DENIED.**

2) **Plaintiff's Motions for Counsel (Doc. 11) and Extension of Time (Doc. 12) are MOOT.**

3) **Plaintiff's Motion for Leave to File Amended Complaint (Doc. 13) is GRANTED. The Clerk of the Court is DIRECTED to docket the proposed amended complaint attached to Plaintiff's motion.**

4) **Plaintiff's Amended Complaint is DISMISSED without prejudice. Because any further amendments would be futile, this case is terminated. The Clerk of the Court is DIRECTED to enter a judgment pursuant to Fed. R. Civ. P. 58.**

5) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* MUST identify the issues the Plaintiff will present in his appeal to assist the Court in deciding whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be allowed to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED October 8, 2025.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE
